## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

SCHONBEK WORLDWIDE LIGHTING INC.,

        Plaintiff,

vs.

LIGHTING LIBRARY, LLC,

ALON MIZRAHI, individually, and his related
   businesses, including LIGHTING CLASSIC
   DESIGN BOWERY, INC., d/b/a LIGHTING
   DESIGN and CLASSIC LIGHTING INC., f/d/b/a
   CLASSIC LIGHTING

BIN MAI, a/k/a BEN MAI, individually, and his
   related businesses, including ELEGANT
   FURNITURE & LIGHTING, INC.,
   d/b/a ELEGANT LIGHTING,

                                        **Civil Action No. 10-CV-1551 (AKH)**

ILAN BEN-MEIR, a/k/a ILANBEN MEIR,
   individually, and his related businesses, including
   R.L.A. LIGHTING, INC. and WORLD OF
   CRYSTAL, INC.,

JOSHUA MARSHALL, a/k/a JOSHUA MARSHALL
   GOLDSTEIN, a/k/a JOSHUA GOLDSTEIN,
   individually, and his related businesses, including
   WE GOT LITES INC.,

S M HOME DECOR & LIGHTING, LLC

SABINA WHOLESALE AND RETAIL STORE INC.,
   d/b/a/ SABINA LIGHTING INC.

        Defendants.

## FIRST AMENDED COMPLAINT

    Plaintiff, SCHONBEK WORLDWIDE LIGHTING INC. ("Schonbek") by and through

its undersigned attorneys, alleges:

## THE PARTIES

1.      Plaintiff, Schonbek, is a corporation organized under the laws of the State of New York having its principal place of business at 61 Industrial Boulevard, Plattsburgh, New York 12901-1908.

2.      Upon investigation and information, Defendant LIGHTING LIBRARY, LLC ("Lighting Library") is a domestic limited liability company organized under the laws of the State of New York with its principal place of business at 140-142 Bowery Street, New York, New York 10013.

3.      According to New York Department of State records, Defendant Lighting Library's address for service of process is Corporation Service Company, 80 State Street, Albany, New York 12207.

4.      Upon investigation and information, Defendant ALON MIZRAHI ("Mizrahi") is an individual residing in New York, New York and Fairlawn, New Jersey.

5.      Upon investigation and information, Defendant LIGHTING CLASSIC DESIGN BOWERY, INC., d/b/a LIGHTING DESIGN ("Lighting Design") is a domestic business corporation organized under the laws of the State of New York having its principal place of business at 140 Bowery Street, New York, New York 10013.

6.      According to New York Department of State records, Defendant Lighting Design's address for service of process is Alon Mizrahi, 140 Bowery, New York, New York 10013.

7.      Upon information and belief, Defendant Mizrahi is the owner, principal and/or president of Defendant Lighting Design.

8.      Upon investigation and information, Defendant CLASSIC LIGHTING INC.,
f/d/b/a Classic Lighting ("Classic Lighting") was a domestic business corporation organized
under the laws of the State of New York having its principal place of business at 140 Bowery
Street, New York, New York 10013.

9.      According to New York Department of State records, Defendant Classic Lighting
is currently an inactive domestic business corporation, which was dissolved on February 26,
2008.

10.     According to New York Department of State records, Defendant Classic
Lighting's address for service of process is Classic Lighting Inc., 140 Bowery, New York, New
York 10013.

11.     Upon information and belief, Defendant Mizrahi is an owner, principal and/or
president of Defendant Classic Lighting.

12.     Upon investigation and information, Defendant BIN MAI, a/k/a BEN MAI
("Mai") is an individual residing at 932 Tasker Street, Philadelphia, Pennsylvania 19148.

13.     Upon investigation and information, Defendant ELEGANT FURNITURE &
LIGHTING, INC., d/b/a ELEGANT LIGHTING ("Elegant Lighting") is a domestic business
corporation organized under the laws of the State of Pennsylvania having its principal place of
business at 117 W. Clearfield Street, Philadelphia, Pennsylvania 19133.

14.     Upon information and belief, Defendant Mai is the owner, principal and/or
president of Defendant Elegant Lighting.

15.     Upon investigation and information, Defendant ILAN BEN-MEIR, a/k/a
ILANBEN MEIR ("Ben-Meir") is an individual residing at 148 Serpentine Drive, Morganville,
New Jersey 07751.

-3-

16.    Upon investigation and information, Defendant R.L.A. LIGHTING INC. ("R.L.A. Lighting") is a domestic business corporation organized under the laws of the State of New Jersey having its principal place of business at 148 Serpentine Drive, Morganville, New Jersey 07751.

17.    Upon investigation and information, Defendant WORLD OF CRYSTAL, INC. ("World of Crystal") was a domestic business corporation organized under the laws of the State of New Jersey having its principal place of business at 989 U.S. Highway 9, Parlin, New Jersey, 08859.

18.    Upon information and belief, Defendant Ben-Meir is the owner, principal and/or president of Defendants R.L.A. Lighting and World of Crystal.

19.    Upon investigation and information, Defendant JOSHUA MARSHALL, a/k/a JOSHUA MARSHALL GOLDSTEIN, a/k/a JOSHUA GOLDSTEIN ("Marshall") is an individual residing at 78 Almond Street, Staten Island, NY 10312.

20.    Upon investigation and information, Defendant WE GOT LITES INC. ("We Got Lites") is a domestic business corporation organized under the laws of the State of New York having its principal place of business at 360 Industrial Loop, Staten Island, New York, 10309.

21.    Upon information and belief, Defendant Marshall is the owner, principal and/or president of Defendant We Got Lites.

22.    Upon investigation and information, Defendant S M HOME DECOR & LIGHTING, LLC ("SMH") is a domestic limited liability company organized under the laws of the State of Virginia having its principal place of business at 8829A Telegraph Road, Lorton, Virginia 22079.

23.     Upon investigation and information, Defendant SABINA WHOLESALE AND RETAIL STORE INC., d/b/a SABINA LIGHTING, INC. ("Sabina") has a principal place of business at 1749 McDonald Ave, Brooklyn, NY 11230.

24.     Upon investigation and information, Defendants have transacted and continue to transact business in this judicial district, and regularly have solicited and regularly continue to solicit business in this judicial district.

## JURISDICTION AND VENUE

25.     This is an action for trademark counterfeiting, trademark infringement and dilution, trade dress infringement and dilution, false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. §1051, *et seq.*; for patent infringement arising under the patent laws of the United States as set forth in Title 35 of the United States Code Section 271, *et seq.*; and for related claims of trademark infringement, counterfeiting, dilution, unfair and deceptive trade practices and unfair competition under New York State statutory and common law.

26.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332 and 1338 and 15 U.S.C. §§1116 and 1121, and with respect to certain claims, 28 U.S.C. §1367.

27.     Venue is proper in this Court under 28 U.S.C. §§1391(b), (c), and 1400(b) by virtue of the Defendants' activities as set forth herein, and because a substantial part of the events giving rise to Schonbek's claims occurred in this judicial district, each of the Defendants are subject to personal jurisdiction in the State of New York and in this judicial district, and each of them have committed acts of patent infringement in this judicial district.

28.     This Court has personal jurisdiction over the Defendants under New York CPLR §§ 301 and 302, by virtue of their activities as set forth herein, including but not limited to, their residing and domiciling in the State of New York and the Southern District of New York, their purposeful and regular transacting, doing, and soliciting of business in the State of New York and the Southern District of New York, their contracting to supply goods or services in the State of New York and the Southern District of New York, and their tortious acts committed outside of the State of New York that caused injury within the State of New York.

## BACKGROUND

29.     Plaintiff, Schonbek, designs and sells lighting fixtures.

30.     Schonbek is one of the world's largest manufacturers of high quality crystal chandeliers and lighting fixtures.

31.     Schonbek's lighting fixtures are renown throughout the world for their unique and beautiful designs.

### *Schonbek's Trademarks*

32.     Schonbek owns numerous trademarks, service marks, slogans and logos associated with its design and sale of lighting fixtures, many of which are registered on the principal register of the United States Trademark Office, including, but not limited to, its flagship mark: SCHONBEK® ("the SCHONBEK Mark").

33.     Commencing at least as early as 1967, Schonbek adopted the SCHONBEK Mark for ornamental electric lighting fixtures.

34.     Schonbek is the owner of U.S. Trademark Registration No. 2,531,765 ("the '765 Registration"), directed to the SCHONBEK Mark for ornamental electric lighting fixtures, which

registered on January 22, 2002.  A true and correct copy of U.S. Trademark Registration No.

2,531,765 is attached hereto as **Exhibit "A"**.

35.    Schonbek has invested substantial time and resources over at least the past 43

years to develop goodwill in the SCHONBEK Mark and cause consumers in the United States

and elsewhere throughout the world to recognize the SCHONBEK Mark as distinctly designating

Schonbek lighting fixtures.

36.    Based upon Schonbek's extensive advertising, sales and the wide popularity of

Schonbek's products, the SCHONBEK Mark has acquired secondary meaning so that any

lighting product or advertisement bearing the SCHONBEK Mark is immediately associated by

consumers, the public and the trade as being a product of Schonbek.

37.    Schonbek has gone to great lengths to protect and enforce its intellectual property,

including the SCHONBEK Mark.

38.    The '765 Registration is in full force and effect and has become incontestable

pursuant to 15 U.S.C. §1065.

39.    The SCHONBEK Mark is amongst the most famous trademarks for lighting

products in the United States.

<u>Schonbek's Patents</u>

40.    Schonbek owns numerous U.S. design and utility patents protecting various

aspects of many of its lighting fixtures, including aspects related to their design, construction and

methods of manufacturing.

41.    Several of Schonbek's U.S. design and utility patents are directed to various

aspects of its lighting fixtures sold under the commercial designations Quantum, Da Vinci,

Vertex, Trilliane and Rivendell.

**(1)  U.S. Utility Patent No. 5,144,541**

42.     On September 1, 1992, U.S. Utility Patent No. 5,144,541  ("the '541 Patent") was issued for an invention entitled "HOOKLESS GALLERY ASSEMBLIES FOR CHANDELIERS", listing Arnold Schonbek as the inventor.  The '541 Patent was based on an application filed on October 7, 1991.  A true and correct copy of the '541 Patent is attached hereto and incorporated herein as **Exhibit "B"**.

43.     The '541 Patent was assigned from Arnold Schonbek to A. Schonbek & Co., Inc. by means of an assignment executed on October 3, 1991 and filed with the U.S. Patent and Trademark Office at Reel/Frame 005874/0736.  Subsequently, the '541 Patent was assigned from A. Schonbek & Co., Inc. to Schonbek Worldwide Lighting, Inc. by means of an assignment executed on July 29, 2005 and filed with the U.S. Patent and Trademark Office at Reel/Frame 016883/0453.

44.     The '541 Patent is directed to hookless gallery assemblies for chandeliers.

45.     Schonbek sells a number of commercial embodiments incorporating the patented component subject to the '541 Patent under the designation Quantum.

**(2)  U.S. Design Patent No. 558,390**

46.     On December 25, 2007, U.S. Design Patent No. 558,390  ("the '390 Patent") was issued for a design entitled "TRIM FOR A LIGHT FIXTURE", listing Cyrus Myers, Jr., et al. as the inventors.  The '390 Patent was based on an application filed on January 19, 2006.  A true and correct copy of the '390 Patent is attached hereto and incorporated herein as **Exhibit "C"**.

47.     The '390 Patent was assigned from Myers Jr., et al. to Schonbek Worldwide Lighting, Inc. by means of assignments executed on February 6, 2006 and February 9, 200 and filed with the U.S. Patent and Trademark Office at Reel/Frame 017190/0753.

48.    The '390 Patent is directed to an ornamental design for a trim for a light fixture.

49.    Schonbek sells a number of commercial embodiments incorporating the patented design of the '390 Patent under the designation Da Vinci.

**(3)  U.S. Design Patent No. 560,019**

50.    On January 15, 2008, U.S. Design Patent No. 560,019  ("the '019 Patent") was issued for a design entitled "LIGHT FIXTURE", listing Cyrus Myers, Jr., et al. as the inventors. The '019 Patent was based on an application filed on January 19, 2006.  A true and correct copy of the '019 Patent is attached hereto and incorporated herein as **Exhibit "D"**.

51.    The '019 Patent was assigned from Myers, Jr. et al. to Schonbek Worldwide Lighting, Inc. by means of assignments executed on February 6, 2006 and February 9, 2006 and filed with the U.S. Patent and Trademark Office at Reel/Frame 017190/0780.

52.    The '019 Patent is directed to an ornamental design for a light fixture.

53.    Schonbek sells a number of commercial embodiments incorporating the patented design of the '019 Patent under the designation Da Vinci.

**(4)  U.S. Utility Patent No. 7,101,065**

54.    On September 5, 2006, U.S. Utility Patent No. 7,101,065  ("the '065 Patent") was issued for an invention entitled "ARRANGEMENTS AND METHODS FOR MOUNTING DECORATIVE ORNAMENTS AND FIXTURES HAVING DECORATIVE ORNAMENTS", listing Georg Bayer as the inventor.  The '065 Patent was based on an application filed on January 14, 2004.  A true and correct copy of the '065 Patent is attached hereto and incorporated herein as **Exhibit "E"**.

55.    The '065 Patent was assigned from Georg Bayer to Schonbek Worldwide Lighting, Inc. by means of an assignment executed on January 14, 2004 and filed with the U.S. Patent and Trademark Office at Reel/Frame 015995/0687.

56.    The '065 Patent is directed to arrangements and methods for mounting decorative ornaments and fixtures having decorative ornaments.

57.    Schonbek sells a number of commercial embodiments incorporating the patented component protected by the '065 Patent under the designation Vertex.

**(5) U.S. Utility Patent No. 7,267,463**

58.    On September 11, 2007, U.S. Utility Patent No. 7,267,463 ("the '463 Patent") was issued for an invention entitled "ORNAMENTAL FIXTURES HAVING DECORATIVE ORNAMENTS", listing Georg Bayer, et al. as the inventors. The '463 Patent was based on an application filed on January 7, 2005. A true and correct copy of the '463 Patent is attached hereto and incorporated herein as **Exhibit "F"**.

59.    The '463 Patent was assigned from Bayer et al. to Schonbek Worldwide Lighting, Inc. by means of assignments executed on April 5, 2005, April 19, 2005, April 22, 2005 and May 20, 2005 and filed with the U.S. Patent and Trademark Office at Reel/Frame 016307/0297.

60.    The '463 Patent is directed to arrangements and methods for mounting decorative ornaments and fixtures having decorative ornaments.

61.    Schonbek sells a number of commercial embodiments incorporating the patented component protected by the '463 Patent under the designation Vertex.

**(6) U.S. Utility Patent No. 7,347,594**

62.    On March 25, 2008, U.S. Utility Patent No. 7,347,594 ("the '594 Patent") was issued for an invention entitled "LIGHT FIXTURES HAVING DECORATIVE ORNAMENTS

AND METHODS FOR MOUNTING DECORATIVE ORNAMENTS", listing Georg Bayer, et al. as the inventors.  The '594 Patent was based on an application filed on November 15, 2006. A true and correct copy of the '594 Patent is attached hereto and incorporated herein as **Exhibit "G"**.

63.    The '594 Patent was assigned from Bayer et al. to Schonbek Worldwide Lighting, Inc. by means of assignments executed on April 5, 2005, April 19, 2005, April 22, 2005 and May 20, 2005 and filed with the U.S. Patent and Trademark Office at Reel/Frame 016307/0297.

64.    The '594 Patent is directed to a arrangements and methods for mounting decorative ornaments and fixtures having decorative ornaments.

65.    Schonbek sells commercial embodiments incorporating the patented component protected by the '594 Patent under the designation Vertex.

**(7) U.S. Utility Patent No. 5,109,325**

66.    On April 28, 1992, U.S. Utility Patent No. 5,109,325  ("the '325 Patent") was issued for an invention entitled "FASTENING DEVICE FOR CHANDELIER TRIMMINGS", listing Georg Bayer and Arnold Schonbek as the inventors and A. Schonbek & Co., Inc. as the assignee.  The '325 Patent was based on an application filed on December 21, 1990.  A true and correct copy of the '325 Patent is attached hereto and incorporated herein as **Exhibit "N"**.

67.    The '325 Patent was assigned from Georg Bayer and Arnold Schonbek to A. Schonbek & Co., Inc. by means of an assignment, which was filed with the U.S. Patent and Trademark Office.  Subsequently, the '325 Patent was assigned from A. Schonbek & Co., Inc. to SCHONBEK by means of an assignment, which was filed with the U.S. Patent and Trademark Office.

68.     The '325 Patent is directed to a lighting fixture and fastening device for chandelier trimmings.

69.     SCHONBEK sells a number of commercial embodiments incorporating the patented component protected by the '325 Patent under the designation Trilliane.

**(8)  U.S. Utility Patent No. 5,222,805**

70.     On June 29, 1993, U.S. Utility Patent No. 5,222,805  ("the '805 Patent") was issued for an invention entitled "PRECISION CHANDELIER FRAME", listing Andrew J Schonbek, et al. as the inventors.  The '805 Patent was based on an application filed on December 24, 1991.  A true and correct copy of the '805 Patent is attached hereto and incorporated herein as **Exhibit "O"**.

71.     The '805 Patent was assigned from Andrew J. Schonbek et al. to SCHONBEK by means of an assignment executed on October 15, 1992 and filed with the U.S. Patent and Trademark Office at Reel/Frame 006309/0113.

72.     The '805 Patent is directed to a chandelier frame and method for constructing parts for a chandelier frame.

73.     SCHONBEK sells commercial embodiments incorporating the patented component protected by the '805 Patent under the designation Trilliane.

**(9)  U.S. Design Patent No. 397,494**

74.     On August 25, 1998, U.S. Design Patent No. 397,494  ("the '494 Patent") was issued for a design entitled "LIGHTING FIXTURE COMPONENT", listing Georg Bayer, et al. as the inventors.  The '494 Patent was based on an application filed on March 21, 1997.  A true and correct copy of the '494 Patent is attached hereto and incorporated herein as **Exhibit "P"**.

-12-

75.    The '494 Patent was assigned from Bayer, et al. to SCHONBEK by means of an assignment executed on April 7, 1995 and filed with the U.S. Patent and Trademark Office at Reel/Frame 7494/0946.

76.    The '494 Patent is directed to an ornamental design for a lighting fixture component.

77.    SCHONBEK sells a number of commercial embodiments incorporating the patented design of the '494 Patent under the designation Rivendell.

**(10)  U.S. Design Patent No. 397,495**

78.    On August 25, 1998, U.S. Design Patent No. 397,495  ("the '495 Patent") was issued for a design entitled "LIGHTING FIXTURE COMPONENT", listing Georg Bayer, et al. as the inventors.  The '495 Patent was based on an application filed on March 20, 1997.  A true and correct copy of the '495 Patent is attached hereto and incorporated herein as **Exhibit "Q"**.

79.    The '495 Patent was assigned from Bayer, et al. to SCHONBEK by means of an assignment executed on April 7, 1995 and filed with the U.S. Patent and Trademark Office at Reel/Frame 7494/0913.

80.    The '495 Patent is directed to an ornamental design for a lighting fixture component.

81.    SCHONBEK sells a number of commercial embodiments incorporating the patented design of the '495 Patent under the designation Rivendell.

**(11)  U.S. Design Patent No. 435,686**

82.    On December 26, 2000, U.S. Design Patent No. 435,686  ("the '686 Patent") was issued for a design entitled "LIGHTING FIXTURE COMPONENT", listing Georg Bayer, et al.

as the inventors.  The '686 Patent was based on an application filed on August 10, 1998.  A true

and correct copy of the '686 Patent is attached hereto and incorporated herein as **Exhibit "R"**.

83.    The '686 Patent was assigned from Bayer et al. to SCHONBEK by means of an

assignment executed on April 7, 1995 and filed with the U.S. Patent and Trademark Office at

Reel/Frame 7494/0913.

84.    The '686 Patent is directed to an ornamental design for a lighting fixture

component.

85.    SCHONBEK sells a number of commercial embodiments incorporating the

patented design of the '686 Patent under the designation Rivendell..

86.    Hereinafter, the '541, '390, '019, '065, '463,'594, '325, '805, '494, '495 and '686

Patents are collectively referred to as the "SCHONBEK Patents".

*Schonbek's Trade Dress*

87.    Schonbek's lighting fixtures, including those sold under the commercial

designations Quantum, Da Vinci, Vertex, Trilliane and Rivendell, bear a distinctive trade dress,

which consists of the overall appearance of the lighting fixture designs (hereinafter collectively

referred to as "SCHONBEK Trade Dress").

88.    Based upon Schonbek's extensive advertising, sales and innovative designs, the

SCHONBEK Mark and the SCHONBEK Trade Dress are famous and Schonbek is recognized in

the industry as a trendsetter.

89.    The SCHONBEK Trade Dress is well known in the industry and has acquired a

secondary meaning such that many of Schonbek's light fixtures are immediately recognized as

being a Schonbek product based on the SCHONBEK Trade Dress.

-14-

90.    The distinctive trade dress of the light fixtures sold under the commercial designation Quantum is inherently distinctive to consumers, the public and the trade, and serves primarily to identify Schonbek as the source of the lighting fixtures or suggests that the lighting fixture has been produced, manufactured, sold and/or offered for sale with Schonbek's approval, sponsorship or endorsement.  Attached hereto and incorporated herein as **Exhibit "S"** is one example of a Schonbek lighting fixture that embodies the overall look and appearance of the Quantum trade dress.

91.    The distinctive trade dress of the light fixtures sold under the commercial designation Da Vinci is inherently distinctive to consumers, the public and the trade, and serves primarily to identify Schonbek as the source of the lighting fixture or suggests that the lighting fixtures have been produced, manufactured, sold and/or offered for sale with Schonbek's approval, sponsorship or endorsement.  Attached hereto and incorporated herein as **Exhibit "T"** is one example of a Schonbek lighting fixture that embodies the overall look and appearance of the Da Vinci trade dress.

92.    The distinctive trade dress of the light fixtures sold under the commercial designation Vertex is inherently distinctive to consumers, the public and the trade, and serves primarily to identify Schonbek as the source of the lighting fixtures or suggests that the lighting fixtures have been produced, manufactured, sold and/or offered for sale with Schonbek's approval, sponsorship or endorsement.  Attached hereto and incorporated herein as **Exhibit "U"** is one example of a Schonbek lighting fixture that embodies the overall look and appearance of the Vertex trade dress.

93.    The distinctive trade dress of the light fixtures sold under the commercial designation Trilliane is inherently distinctive to consumers, the public and the trade, and serves

primarily to identify Schonbek as the source of the lighting fixtures or suggests that the lighting

fixtures have been produced, manufactured, sold and/or offered for sale with Schonbek's

approval, sponsorship or endorsement. Attached hereto and incorporated herein as **Exhibit "V"**

is one example of a Schonbek lighting fixture that embodies the overall look and appearance of

the Trilliane trade dress.

94.    The distinctive trade dress of the light fixtures sold under the commercial

designation Rivendell is inherently distinctive to consumers, the public and the trade, and serves

primarily to identify Schonbek as the source of the lighting fixtures or suggests that the lighting

fixtures have been produced, manufactured, sold and/or offered for sale with Schonbek's

approval, sponsorship or endorsement. Attached hereto and incorporated herein as **Exhibit "W"**

is one example of a Schonbek lighting fixture that embodies the overall look and appearance of

the Rivendell trade dress.

95.    As a result of the widespread use and display of the SCHONBEK Mark and the

distinctive SCHONBEK Trade Dress, (a) consumers, the public and the trade use them to

identify and refer to Schonbek's lighting fixtures, (b) the public and the trade recognize that such

designations refer to a high quality lighting fixtures emanating from a single source, and (c) said

trademark and trade dress have built up secondary meaning and extensive goodwill.

96.    Upon investigation and information, Defendants Lighting Library, Mizrahi,

Lighting Design and Classic Lighting have referred to Da Vinci knock-offs and Rivendell knock-

offs as being "Schonbek-style" lighting fixtures.

*The Bowery Showroom*

97.    On at least one occasion prior to February 1, 2010, a Schonbek sales

representative saw lighting fixtures on display and offered for sale at the lighting showroom

located at 140-142 Bowery Street, New York, New York 10013 ("the Bowery Showroom"),

which appeared to be virtually identical to Schonbek's products. The sales representative, who is

intimately familiar with Schonbek products, had to examine the fixture in micro detail before he

could ascertain whether it was or was not a Schonbek product. He was unaware of any sales to

the Defendant Lighting Library or any other entity doing business out of the Bowery Showroom,

so he was suspicious and examined the product in detail, taking some of it apart in the

showroom. He eventually determined it was a knock-off based on the appearance of one screw,

which is different on an original Schonbek product.

98.     The knock-off lighting fixtures and lighting fixture components observed by the

Schonbek sales representative included, at least, a Quantum knock-off, a Da Vinci knock-off and

a Vertex knock-off (collectively referred to as the "SCHONBEK Knock-Offs"), which infringe

one or more of the SCHONBEK Patents. The Schonbek sales representative took several

photographs of the SCHONBEK Knock-Offs observed on display in the Bowery Showroom on

or around January 9, 2010, which are attached hereto and incorporated herein as **Exhibit "H"**

(photographs of Quantum knock-off), **Exhibit "I"** (photographs of Da Vinci knock-off) **Exhibit**

**J (**photographs of Vertex knock-off).

99.     In addition to the SCHONBEK Knock-Offs, the Schonbek sales representative

observed additional light fixtures in the Bowery Showroom that appeared extremely similar to

Schonbek's lighting fixtures and lighting fixture components sold under the designation

Trilliane. The SCHONBEK sales representative also took photographs of the "Trilliane-like"

lighting fixture component observed on display in the Bowery Showroom on or around January

9, 2010, which are attached hereto and incorporated herein as **Exhibit "K"** (photographs of

"Trilliane-like" lighting fixture component).

100.    The lighting fixtures and lighting fixture components pictured in **Exhibits "H", "I", "J"** and **"K"** attached hereto are not Schonbek lighting fixtures or components.

101.    When the Schonbek sales representative spoke to an employee while at the Bowery Showroom and inquired about the SCHONBEK Knock-Offs, the employee stated that the products "are Schonbek", and further stated that the products can be purchased from the Bowery Showroom for much less than at the lighting showroom called NY Lighting, which is an authorized dealer of Schonbek lighting fixtures and which is located in the same geographic proximity as the Bowery Showroom.

102.    The employees at the Bowery Showroom were using Schonbek's catalogs to advertise, promote and/or offer for sale the SCHONBEK Knock-Offs.

103.    While at the Bowery Showroom on or around January 9, 2010, the Schonbek sales representative took several photographs of employees using Schonbek's catalogs to advertise, promote and/or offer for sale the SCHONBEK Knock-Offs, which are attached hereto and incorporated herein as **Exhibit "L"**.

104.    **Exhibit "M"** attached hereto and incorporated herein is a  photograph of a Da Vinci knock-off fixture taken by the Schonbek sales representative on or around January 9, 2010. The tag hanging on the Da Vinci knock-off fixture in **Exhibit "M"** clearly shows that the knock-off fixture was labeled "Schonbek".

105.    The lighting fixture with the handwritten "Schonbek" tag pictured in **Exhibit "M"** attached hereto is not a Schonbek lighting fixture.

106.    Upon investigation and information, the Da Vinci knock-off on display and offered for sale at the Bowery Showroom was imported, manufactured and/or distributed by Defendants Mai and Elegant Lighting.

107.    Upon investigation and information, the Da Vinci knock-off on display and offered for sale at the Bowery Showroom (*see* Exhibit "I") was distributed by Defendants Marshall and We Got Lites.

108.    Upon investigation and information, the Quantum knock-off on display and offered for sale at the Bowery Showroom (*see* Exhibit "H") was imported, manufactured and/or distributed by Defendant SMH.

109.    Upon investigation and information, the Vertex knock-off on display and offered for sale at the Bowery Showroom (*see* Exhibit "J") was imported, manufactured and/or distributed by Defendant Sabina.

<u>*Defendant's Unlawful Activities*</u>

110.    Defendants are not currently, nor have they ever been authorized dealers for Schonbek lighting fixtures.

111.    Defendants are not, nor have they ever been, associated, affiliated or connected with, endorsed or approved by Schonbek.

112.    Upon investigation and information, long after Schonbek's adoption and use of the SCHONBEK Mark on its products and after Schonbek's federal registration of the SCHONBEK Mark, Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting began selling, offering for sale, distributing, promoting and advertising lighting fixtures in interstate commerce bearing counterfeits and infringements of the SCHONBEK Mark.

113.    The spurious marks or designations used by Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting in interstate commerce are identical with, or substantially indistinguishable from, the SCHONBEK Mark on goods covered by the '765 Registration.

-19-

114.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting have offered for sale and/or sold and are offering for sale and/or selling the SCHONBEK Knock-Offs and other products that infringe the SCHONBEK Patents and SCHONBEK Trade Dress at prices that are substantially less than the prices of the corresponding lighting fixtures sold by Schonbek and its authorized dealers.

115.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting have used Schonbek's catalogs to advertise, promote and/or offer for sale the SCHONBEK Knock-Offs.

116.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting have used Schonbek's catalogs to advertise, promote and/or offer for sale their own products.

117.    The use by Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting of the SCHONBEK Mark or copies thereof on their products is likely to cause consumers, the public and the trade to believe erroneously that the goods sold by them emanate or originate from Schonbek, or that said items are authorized, sponsored, or approved by Schonbek, even though they are not.

118.    This confusion causes irreparable harm to Schonbek and its authorized dealers and weakens the distinctive quality of the SCHONBEK Mark.

119.    By using counterfeits and infringements of the SCHONBEK Mark on their goods, Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting are trading on the goodwill and reputation of Schonbek and creating the false impression that their goods are Schonbek's legitimate products.

-20-

120.    The acts of Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting are likely to confuse and to deceive the public and are performed with full knowledge of Schonbek's rights.

121.    Upon investigation and information, Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting have imported, offered for sale and/or sold and continue to import, market and/or offer for sale lighting fixtures in New York State, this judicial district and beyond that are unauthorized copies of the designs and/or inventions that are subject of the SCHONBEK Patents.

122.    Upon investigation and information, Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting have marketed, offered for sale and/or sold and continue to market and/or offer for sale lighting fixtures in New York State, this judicial district and beyond that infringe the SCHONBEK Trade Dress.

123.    Upon investigation and information, Defendants Mai, Elegant Lighting, Marshall and We Got Lites have imported, manufactured, distributed, offered for sale and/or sold and continue to import, manufacture, distribute and/or offer for sale lighting fixtures in New York State, this judicial district and beyond that are unauthorized copies of the designs and/or inventions that are subject of the '390 and '019 Patents.

124.    Upon investigation and information, Defendant Mai, Elegant Lighting, Marshall and We Got Lites have marketed, manufactured, distributed, offered for sale and/or sold and continue to market, manufacture, distribute and/or offer for sale lighting fixtures in New York State, this judicial district and beyond that infringe the Da Vinci trade dress.

-21-

125.    Upon investigation and information, Defendants Ben-Meir, R.L.A. Lighting and World of Crystal have imported, manufactured, distributed, offered for sale and/or sold and continue to import, manufacture, distribute and/or offer for sale lighting fixtures in New York State, this judicial district and beyond that are unauthorized copies of the designs and/or inventions that are subject of the '494, '495 and '686 Patents.

126.    Upon investigation and information, Defendants Ben-Meir, R.L.A. Lighting and World of Crystal have marketed, manufactured, distributed, offered for sale and/or sold and continue to market, manufacture, distribute and/or offer for sale lighting fixtures in New York State, this judicial district and beyond that infringe the Rivendell trade dress.

127.    Upon investigation and information, Defendant SMH has imported, distributed, offered for sale and/or sold and continues to import, distribute and/or offer for sale lighting fixtures in New York State, this judicial district and beyond that are unauthorized copies of the designs and/or inventions that are subject of the '541 Patent.

128.    Upon investigation and information, Defendant SMH has marketed, distributed, offered for sale and/or sold and continues to market, distribute and/or offer for sale lighting fixtures in New York State, this judicial district and beyond that are unauthorized copies of the designs and/or inventions that infringe the Quantum trade dress.

129.    Upon investigation and information, Defendant Sabina has imported, distributed, offered for sale and/or sold and continues to import, distribute and/or offer for sale lighting fixtures in New York State, this judicial district and beyond that are unauthorized copies of the designs and/or inventions that are subject of the '065, '463 and '594 Patents.

130.    Upon investigation and information, Defendant Sabina has marketed, distributed, offered for sale and/or sold and continues to market, distribute and/or offer for sale lighting fixtures in New York State, this judicial district and beyond that infringe the Vertex trade dress.

131.    Upon investigation and information, Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting have willfully and maliciously engaged in their counterfeiting and infringing activities.

132.    Upon investigation and information, Defendants Mai, Elegant Lighting, Marshall, We Got Lites, Ben-Meir, R.L.A. Lighting, World of Crystal, SMH and Sabina have willfully and maliciously engaged in their infringing activities.

133.    Defendants have unfairly benefited and profited from Schonbek's outstanding reputation for high quality products and its significant advertising and promotion of Schonbek lighting fixtures, the SCHONBEK Mark and the SCHONBEK Trade Dress.

134.    Defendants have been unjustly enriched by illegally using and misappropriating Schonbek's intellectual property for Defendants' own financial gain.

135.    Upon investigation and information, Defendants derive substantial revenue from goods used or consumed in the State of New York and in the Southern District of New York.

136.    Upon investigation and information, Defendants derive substantial revenue from interstate commerce.

137.    Defendants' conduct causes damage to Schonbek in New York and in the Southern District of New York.

138.    Schonbek has no adequate remedy at law.

139.    Defendants wrongful acts will continue unless enjoined by the Court.

## FIRST CAUSE OF ACTION
### (FEDERAL TRADEMARK COUNTERFEITING)

140.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 139 above, and incorporates them herein by reference.

141.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting have used spurious designations that are identical with, or substantially indistinguishable from the SCHONBEK Mark on goods covered by the '765 Registration.

142.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting have used these spurious designations knowing they are counterfeit in connection with the advertisement, promotion, sale, offering for sale and distribution of goods in interstate commerce.

143.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's unauthorized use of the SCHONBEK Mark is likely to cause confusion, mistake and deception and likely to cause the public to believe that their lighting fixtures are the same as Schonbek's lighting fixtures or that they are authorized, sponsored or approved by Schonbek or that they are affiliated, connected or associated with or in some way related to Schonbek.

144.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

145.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's acts are both willful and malicious.

146.    Based upon the wrongful acts of Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting, Schonbek has incurred monetary damages in an amount presently unknown.

147.    As a result of Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's actions, Schonbek and its authorized agents have suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of the SCHONBEK Mark.  The injury to Schonbek is and continues to be ongoing and irreparable.  An award of monetary damages alone cannot fully compensate Schonbek for its injuries and Schonbek lacks an adequate remedy at law.

148.    The foregoing acts of counterfeiting have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

149.    Schonbek is entitled to injunctive relief against Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting, as well as all other remedies available under the Lanham Act, including, but not limited to, statutory damages, treble damages; disgorgement of profits; costs and attorney's fees.

## SECOND CAUSE OF ACTION
## (FEDERAL TRADEMARK INFRINGEMENT)

150.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 149 above, and incorporates them herein by reference.

151.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's unauthorized use of the SCHONBEK Mark is likely to cause confusion, mistake and deception and likely to cause the public to believe that their lighting fixtures are the same as Schonbek's

lighting fixtures or that they are authorized, sponsored or approved by Schonbek or that they are affiliated, connected or associated with or in some way related to Schonbek.

152.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's aforementioned acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. §1114.

153.    Based upon the wrongful acts of Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting, Schonbek has incurred monetary damages in an amount presently unknown.

154.    As a result of Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's actions, Schonbek and its authorized agents have suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks.  The injury to Schonbek is and continues to be ongoing and irreparable.  An award of monetary damages alone cannot fully compensate Schonbek for its injuries and Schonbek lacks an adequate remedy at law.

155.    The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

156.    Schonbek is entitled to injunctive relief against Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; costs and attorney's fees.

## THIRD CAUSE OF ACTION
## (FEDERAL FALSE DESIGNATION OF ORIGIN
## AND UNFAIR COMPETITION)

157.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 156 above, and incorporates them herein by reference.

158.    In connection with Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's advertisement, promotion, distribution, sales and offers of sales of its goods, they have used in commerce, and continue to use in commerce, the Schonbek Mark and Schonbek catalogs.

159.    In connection with Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's advertisement, promotion, distribution, sales and offers of sales of their goods, they have affixed, applied and used false designations of origin and false and misleading descriptions and representations, including the SCHONBEK Mark, which tends falsely to describe the origin, sponsorship, association or approval by Schonbek of the goods they sell.

160.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting have used the SCHONBEK Mark with full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Schonbek.

161.    Upon information and belief, Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting have used the SCHONBEK Mark with the intent to cause confusion and mistake, to deceive and mislead the public, to trade upon the reputation of Schonbek and to improperly appropriate to themselves the valuable trademark rights of Schonbek.

162.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's acts constitute the use in commerce of false designations of origin and false or misleading descriptions or representations, tending to falsely or misleadingly describe or represent their

products as those of Schonbek in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

163.    Based upon the wrongful acts of Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting, Schonbek has incurred monetary damages in an amount presently unknown.

164.    As a result of Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's actions, Schonbek and its authorized agents have suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks.  The injury to Schonbek is and continues to be ongoing and irreparable.  An award of monetary damages alone cannot fully compensate Schonbek for its injuries and Schonbek lacks an adequate remedy at law.

165.    The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. §1117.

166.    Schonbek is entitled to injunctive relief against Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; costs and attorney's fees.

### FOURTH CAUSE OF ACTION
### (FEDERAL TRADEMARK DILUTION)

167.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 166 above, and incorporates them herein by reference.

168.    The SCHONBEK Mark is a "famous mark" worldwide within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c) as a result of Schonbek's continuous and

exclusive use of the SCHONBEK Mark.  The SCHONBEK Mark became famous marks prior to Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's use of the SCHONBEK Mark.

169.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting have used and continue to use marks identical and/or confusingly similar to the SCHONBEK Mark on or in connection with the advertising, marketing, promotion and sale of their goods and services.

170.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's use of the SCHONBEK Mark in commerce is likely to dilute, blur, tarnish and/or whittle away the distinctiveness of the SCHONBEK Mark.

171.    As a direct and proximate result of Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's conduct, Schonbek has suffered damage to its valuable SCHONBEK Mark and other damages in an amount to be proved at trial.

172.    Schonbek does not have an adequate remedy at law, and will continue to be damaged by Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's use of the SCHONBEK Mark unless this Court enjoins them from such use.

### FIFTH CAUSE OF ACTION
### (INFRINGEMENT OF U.S. UTILITY PATENT NO. 5,144,541)

173.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 172 above, and incorporates them herein by reference.

174.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and SMH have infringed the '541 Patent by, at least, offering for sale and/or selling lighting fixtures such as the one shown in **Exhibit "H"** covered by the claims of the '541 Patent, in the United

States, and specifically, in this Southern District of New York, and will continue such infringement unless enjoined by this Court.

175. As a result of Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and SMH's acts, Schonbek has been damaged and will continue to be damaged.

176. Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and SMH's infringement of the '541 Patent has been knowing and willful.

177. Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and SMH's infringement of the '541 Patent has damaged Schonbek in an amount that is unknown and cannot at the present time be fully ascertained.

178. Unless enjoined by this court, Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and SMH will continue to infringe Schonbek's patent rights causing irreparable injury.

<u>SIXTH CAUSE OF ACTION</u>
**(INFRINGEMENT OF U.S. DESIGN PATENT NO. 588,390)**

179. Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 178 above, and incorporates them herein by reference.

180. Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Mai, Elegant Lighting, Marshall and We Got Lites have infringed the '390 Patent by, at least, manufacturing, importing, offering for sale and/or selling lighting fixtures such as the one shown in **Exhibit "I"** covered by the claim of the '390 Patent, in the United States, and specifically, in this Southern District of New York, and will continue such infringement unless enjoined by this Court.

-30-

181.    As a result of Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Mai, Elegant Lighting, Marshall and We Got Lites' acts, Schonbek has been damaged and will continue to be damaged.

182.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Mai, Elegant Lighting, Marshall and We Got Lites' infringement of the '390 Patent has been knowing and willful.

183.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Mai, Elegant Lighting, Marshall and We Got Lites' infringement of the '390 Patent has damaged Schonbek in an amount that is unknown and cannot at the present time be fully ascertained.

184.    Unless enjoined by this court, Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Mai, Elegant Lighting, Marshall and We Got Lites will continue to infringe Schonbek's patent rights causing irreparable injury.

**SEVENTH CAUSE OF ACTION**
**(INFRINGEMENT OF U.S. DESIGN PATENT NO. 560,019)**

185.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 184 above, and incorporates them herein by reference.

186.    Defendant has infringed the '019 Patent by, at least, manufacturing, importing, offering for sale and/or selling lighting fixtures such as the one shown in **Exhibit "I"** covered by the claim of the '019 Patent, in the United States, and specifically, in this Southern District of New York, and will continue such infringement unless enjoined by this Court.

187.    As a result of Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Mai, Elegant Lighting, Marshall and We Got Lites' acts, Schonbek has been damaged and will continue to be damaged.

188.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Mai, Elegant Lighting, Marshall and We Got Lites' infringement of the '019 Patent has been knowing and willful.

189.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Mai, Elegant Lighting, Marshall and We Got Lites' infringement of the '019 Patent has damaged Schonbek in an amount that is unknown and cannot at the present time be fully ascertained.

190.    Unless enjoined by this court, Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Mai, Elegant Lighting, Marshall and We Got Lites will continue to infringe Schonbek's patent rights causing irreparable injury.

## EIGHTH CAUSE OF ACTION
## (INFRINGEMENT OF U.S. UTILITY PATENT NO. 7,101,065)

191.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 190 above, and incorporates them herein by reference.

192.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina Lighting have infringed the '065 Patent by, at least, offering for sale and/or selling lighting fixtures such as the one shown in **Exhibit "J"** covered by the claims of the '065 Patent, in the United States and specifically in this Southern District of New York, and will continue such infringement unless enjoined by this Court.

193.    As a result of Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina Lighting's acts, Schonbek has been damaged and will continue to be damaged.

194.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina Lighting's infringement of the '065 Patent has been knowing and willful.

195.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina Lighting's infringement of the '065 Patent has damaged Schonbek in an amount that is unknown and cannot at the present time be fully ascertained.

196.    Unless enjoined by this court, Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina Lighting will continue to infringe Plaintiff's patent rights causing irreparable injury.

## NINTH CAUSE OF ACTION
## (INFRINGEMENT OF U.S. UTILITY PATENT NO. 7,267,463)

197.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 196 above, and incorporates them herein by reference.

198.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina Lighting have infringed the '463 Patent by, at least, offering for sale and/or selling lighting fixtures such as the one shown in **Exhibit "J"** covered by the claims of the '463 Patent, in the United States and specifically in this Southern District of New York, and will continue such infringement unless enjoined by this Court.

199.    As a result of Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina Lighting's acts, Schonbek has been damaged and will continue to be damaged.

200.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina Lighting's infringement of the '463 Patent has been knowing and willful.

201.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina Lighting's infringement of the '463 Patent has damaged Schonbek in an amount that is unknown and cannot at the present time be fully ascertained.

202.    Unless enjoined by this court, Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina Lighting will continue to infringe Plaintiff's patent rights causing irreparable injury.

## TENTH CAUSE OF ACTION
### (INFRINGEMENT OF U.S. UTILITY PATENT NO. 7,347,594)

203.    Plaintiff SCHONBEK realleges each and every allegation set forth in paragraphs 1 through 202 above, and incorporates them herein by reference.

204.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina Lighting have infringed the '594 Patent by, at least, offering for sale and/or selling lighting fixtures such as the one shown in **Exhibit "J"** covered by the claims of the '594 Patent, in the United States and specifically in this Southern District of New York, and will continue such infringement unless enjoined by this Court.

205.    As a result of Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina Lighting's acts, Schonbek has been damaged and will continue to be damaged.

206.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina Lighting's infringement of the '594 Patent has been knowing and willful.

207.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina Lighting's infringement of the '594 Patent has damaged Schonbek in an amount that is unknown and cannot at the present time be fully ascertained.

208.    Unless enjoined by this court, Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina Lighting will continue to infringe Plaintiff's patent rights causing irreparable injury.

## ELEVENTH CAUSE OF ACTION
### (UNFAIR AND DECEPTIVE TRADE PRACTICES
### UNDER NEW YORK STATE LAW)

209.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 208 above, and incorporates them herein by reference.

210.    In the course of its business, Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting have wrongfully and deceptively engaged in consumer-oriented unfair trade practices that are misleading in a material way, and that caused injury to Schonbek and the public.

211.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's unfair deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers.

212.    Unless Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's acts are restrained by this Court, their deceptive business practices will continue and the public will continue to suffer great and irreparable injury.

213.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's conduct as described herein constituted, and continues to constitute a violation of New York General Business Law §§349 and 350.

214.    By reason of the foregoing, Schonbek has been and will be irreparably harmed and damaged.

215.    Upon information and belief, Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's actions have been willful, wanton, and deliberate.

216.     Schonbek is entitled to injunctive relief and monetary remedies under New York common law, including, but not limited to, compensatory damages; punitive damages; costs and attorney's fees.

### TWELFTH CAUSE OF ACTION
### (TRADEMARK INFRINGEMENT AND COUNTERFEITING
### UNDER NEW YORK STATE LAW)

217.     Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 216 above, and incorporates them herein by reference.

218.     Schonbek as a cause of action and ground for relief, alleges that Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting have engaged in acts of trademark infringement and counterfeiting in violation of New York General Business Law §360-k and the common law of the state of New York.

219.     Schonbek owns valid trademarks, including the SCHONBEK Mark.

220.     Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting have used spurious designations that are identical with, or substantially indistinguishable from the SCHONBEK Mark on goods covered by the '765 Registration.

221.     Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting have used these spurious designations knowing they are counterfeit in connection with the advertisement, promotion, sale, offering for sale and distribution of goods in interstate commerce.

222.     Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's wrongful use of the SCHONBEK Mark is likely to cause confusion as to sponsorship, affiliation or authorization by or with Schonbek, or alternatively, destroy the origin-identifying function of the SCHONBEK Mark.

-36-

223.    Based upon the wrongful acts of Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting, Schonbek has incurred monetary damages in an amount presently unknown.

224.    As a result of Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's actions, Schonbek has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks.  The injury to Schonbek is and continues to be ongoing and irreparable.  An award of monetary damages alone cannot fully compensate Schonbek for its injuries and Schonbek lacks an adequate remedy at law.

225.    The foregoing acts of infringement have been and continue to be deliberate, willful and wanton.

226.    Schonbek is entitled to injunctive relief and monetary remedies under New York common law, including, but not limited to, compensatory damages; punitive damages; costs and attorney's fees.

## THIRTEENTH CAUSE OF ACTION
## (UNFAIR COMPETITION UNDER NEW YORK STATE LAW)

227.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 226 above, and incorporates them herein by reference.

228.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting misappropriated the SCHONBEK Mark and Schonbek's catalogs by using the SCHONBEK Mark and/or Schonbek's catalogs on or in connection with the advertising, marketing, promotion and sale of their goods and services.

229.    Upon information and belief, all of Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's actions mentioned herein have been undertaken in bad faith.

230.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's wrongful use of the SCHONBEK Mark and Schonbek's catalogs and other advertising material is likely to cause confusion as to sponsorship, affiliation or authorization by or with Schonbek, or alternatively, destroy the origin-identifying function of the SCHONBEK Mark.

231.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's aforesaid acts constitute unfair competition, all in violation of Schonbek's rights under the common law of New York.

232.    As a result of Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's actions, Schonbek has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks.  The injury to Schonbek is and continues to be ongoing and irreparable.  An award of monetary damages alone cannot fully compensate Schonbek for its injuries and Schonbek lacks an adequate remedy at law.

233.    Upon information and belief, Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's actions have been willful, wanton, and deliberate.

234.    Schonbek is entitled to injunctive relief and monetary remedies under New York common law, including, but not limited to, compensatory damages; punitive damages; costs and attorney's fees.

## FOURTEENTH CAUSE OF ACTION
## (TRADEMARK DILUTION UNDER NEW YORK STATE LAW)

235.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 234 above, and incorporates them herein by reference.

236.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's use of the SCHONBEK Mark in connection with the display, advertising and offering for sale of their products has caused a likelihood of injury to the business reputation of SCHONBEK and/or dilution by blurring Schonbek's distinctive marks.

237.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's actions complained of herein are in violation of the New York Anti-dilution Statute in Article 24 § 360-1 of the General Business Law.

238.    By reason of the foregoing, Schonbek has been and will be irreparably harmed and damaged.

239.    The acts of the Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting complained of herein have damaged Schonbek and, unless restrained, will impair, if not destroy, the value of the SCHONBEK Mark and the goodwill associated therewith.

## FIFTEENTH CAUSE OF ACTION
## (INFRINGEMENT OF U.S. UTILITY PATENT NO. 5,109,325)

240.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 239 above, and incorporates them herein by reference.

241.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting have infringed the '325 Patent by, at least, offering for sale and/or selling lighting fixtures covered by the claims of the '325 Patent, in the United States and specifically in this Southern District of New York, and will continue such infringement unless enjoined by this Court.

242.    As a result of Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's acts, SCHONBEK has been damaged and will continue to be damaged.

243.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's infringement of the '325 Patent has been knowing and willful.

244.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's infringement of the '325 Patent has damaged Schonbek in an amount that is unknown and cannot at the present time be fully ascertained.

245.    Unless enjoined by this court, Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting will continue to infringe Plaintiff's patent rights causing irreparable injury.

**SIXTEENTH CAUSE OF ACTION**
**INFRINGEMENT OF U.S. UTILITY PATENT NO. 5,222,805**

246.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 245 above, and incorporates them herein by reference.

247.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting have infringed the '805 Patent by, at least, offering for sale and/or selling lighting fixtures covered by the claims of the '805 Patent, in the United States and specifically in this Southern District of New York, and will continue such infringement unless enjoined by this Court.

248.    As a result of Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's acts, Schonbek has been damaged and will continue to be damaged.

249.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's infringement of the '805 Patent has been knowing and willful.

-40-

250.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's infringement of the '805 Patent has damaged Schonbek in an amount that is unknown and cannot at the present time be fully ascertained.

251.    Unless enjoined by this court, Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting will continue to infringe Plaintiff's patent rights causing irreparable injury.

## SEVENTEENTH CAUSE OF ACTION
### (INFRINGEMENT OF U.S. DESIGN PATENT NO. 397,494)

252.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 251 above, and incorporates them herein by reference.

253.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal have infringed the '494 Patent by, at least, manufacturing, importing, offering for sale and/or selling lighting fixtures covered by the claim of the '494 Patent, in the United States and specifically in this Southern District of New York, and will continue such infringement unless enjoined by this Court.

254.    As a result of Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal's acts, Schonbek has been damaged and will continue to be damaged.

255.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal's infringement of the '494 Patent has been knowing and willful.

256.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal's infringement of the '494 Patent has damaged SCHONBEK in an amount that is unknown and cannot at the present time be fully ascertained.

257.    Unless enjoined by this court, Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal will continue to infringe Plaintiff's patent rights causing irreparable injury.

## EIGHTEENTH CAUSE OF ACTION
### (INFRINGEMENT OF U.S. DESIGN PATENT NO. 397,495)

258.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 257 above, and incorporates them herein by reference.

259.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal have infringed the '495 Patent by, at least, manufacturing, importing, offering for sale and/or selling lighting fixtures covered by the claim of the '495 Patent, in the United States and specifically in this Southern District of New York, and will continue such infringement unless enjoined by this Court.

260.    As a result of Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal's acts, Schonbek has been damaged and will continue to be damaged.

261.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal's infringement of the '495 Patent has been knowing and willful.

262.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal's infringement of the '495 Patent has damaged SCHONBEK in an amount that is unknown and cannot at the present time be fully ascertained.

263.    Unless enjoined by this court, Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal will continue to infringe Plaintiff's patent rights causing irreparable injury.

<u>NINETEENTH CAUSE OF ACTION</u>
**(INFRINGEMENT OF U.S. DESIGN PATENT NO. 435,686)**

264.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 263 above, and incorporates them herein by reference.

265.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal have infringed the '686 Patent by, at least, manufacturing, importing, offering for sale and/or selling lighting fixtures covered by the claim of the '686 Patent, in the United States and specifically in this Southern District of New York, and will continue such infringement unless enjoined by this Court.

266.    As a result of Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal's acts, Schonbek has been damaged and will continue to be damaged.

267.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal's infringement of the '686 Patent has been knowing and willful.

268.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal's infringement of the '686 Patent has damaged Schonbek in an amount that is unknown and cannot at the present time be fully ascertained.

269.    Unless enjoined by this court, Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal will continue to infringe Plaintiff's patent rights causing irreparable injury.

**TWENTIETH CAUSE OF ACTION**
**(QUANTUM TRADE DRESS INFRINGEMENT AND DILUTION )**

270.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 269 above, and incorporates them herein by reference.

271.    When designing and manufacturing lighting fixtures, including those sold under the commercial designation Quantum, Schonbek has adopted a particular dress, design and combination of features to produce a particular visual appearance for the purpose of presenting its goods to the public.

272.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and SMH have attempted to imitate Schonbek's particular dress, design and combination of features, as they pertain to the lighting fixtures sold under the commercial designation Quantum, in such a way as to mislead the public.

273.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and SMH' unauthorized use of Schonbek's trade dress on light fixtures that they have produced, manufactured, sold and/or offered for sale is likely to cause confusion, mistake and deception and likely to cause the public to believe that their lighting fixtures are the same as Schonbek's

-44-

Quantum lighting fixtures or that they are authorized, sponsored or approved by Schonbek or that they are affiliated, connected or associated with or in some way related to Schonbek.

274.    The multiplicity of similarities between Schonbek's Quantum lighting fixtures and those produced, manufactured, sold and/or offered for sale by Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and SMH evidence a willful intent to imitate and copy Schonbek's distinctive trade dress as embodied in the Quantum lighting fixtures.

275.    The striking similarity between the overall appearance of Schonbek's Quantum lighting fixtures and those produced, manufactured, sold and/or offered for sale by Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and SMH evidence a conscious intent to imitate and copy Schonbek's distinctive trade dress as embodied in the Quantum lighting fixtures.

276.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and SMH's use of trade dress in commerce that is confusingly similar to Schonbek's famous designs is likely to dilute, blur, tarnish and/or whittle away the distinctiveness of Schonbek's trade dress as embodied in the Quantum lighting fixtures.

277.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and SMH's acts as alleged constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trade dress dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

278.    Upon information and belief, Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and SMH's infringement and dilution of Schonbek's distinctive trade dress is knowing and willful.

-45-

279.    Upon information and belief, Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and SMH's actions are intended and/or operate to confuse the public, to trade upon the reputation of Schonbek and the famous images of Schonbek to attract customers for their own commercial gain.

280.    Unless enjoined by this court, Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and SMH will continue to cause serious irreparable injury and damage to Schonbek and to the goodwill associated with its distinctive trade dress, including diversion of customers, lost sales and lost profits.

281.    Schonbek has no adequate remedy at law for Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and SMH's wrongful acts.

## TWENTY-FIRST CAUSE OF ACTION
### (DA VINCI TRADE DRESS INFRINGEMENT AND DILUTION )

282.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 281 above, and incorporates them herein by reference.

283.    When designing and manufacturing lighting fixtures, including those sold under the commercial designation Da Vinci, Schonbek has adopted a particular dress, design and combination of features to produce a particular visual appearance for the purpose of presenting its goods to the public.

284.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting Mai, Elegant Lighting, Marshall and We Got Lites have attempted to imitate Schonbek's particular dress, design and combination of features, as they pertain to the lighting fixtures sold under the commercial designation Da Vinci, in such a way as to mislead the public.

-46-

285.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting Mai, Elegant Lighting, Marshall and We Got Lites' unauthorized use of Schonbek's trade dress on light fixtures that they have produced, manufactured, sold and/or offered for sale is likely to cause confusion, mistake and deception and likely to cause the public to believe that their lighting fixtures are the same as Schonbek's Da Vinci lighting fixtures or that they are authorized, sponsored or approved by Schonbek or that they are affiliated, connected or associated with or in some way related to Schonbek.

286.    The multiplicity of similarities between Schonbek's Da Vinci lighting fixtures and those produced, manufactured, sold and/or offered for sale by Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting Mai, Elegant Lighting, Marshall and We Got Lites evidence a conscious intent to imitate and copy Schonbek's distinctive trade dress as embodied in the Da Vinci lighting fixtures.

287.    The striking similarity between the overall appearance of Schonbek's Da Vinci lighting fixtures and those produced, manufactured, sold and/or offered for sale by Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting Mai, Elegant Lighting, Marshall and We Got Lites evidence a conscious intent to imitate and copy Schonbek's distinctive trade dress as embodied in the Da Vinci lighting fixtures.

288.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting Mai, Elegant Lighting, Marshall and We Got Lites' use of trade dress in commerce that is confusingly similar to Schonbek's famous designs is likely to dilute, blur, tarnish and/or whittle away the distinctiveness of Schonbek's trade dress as embodied in the Da Vinci lighting fixtures.

289.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting Mai, Elegant Lighting, Marshall and We Got Lites' acts as alleged constitute trade dress infringement

in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trade dress dilution in

violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

290.    Upon information and belief, Defendants Lighting Library, Mizrahi, Lighting

Design, Classic Lighting Mai, Elegant Lighting, Marshall and We Got Lites' infringement and

dilution of Schonbek's distinctive trade dress is knowing and willful.

291.    Upon information and belief, Defendants Lighting Library, Mizrahi, Lighting

Design, Classic Lighting Mai, Elegant Lighting, Marshall and We Got Lites' actions are intended

and/or operate to confuse the public, to trade upon the reputation of Schonbek and the famous

images of Schonbek to attract customers for their own commercial gain.

292.    Unless enjoined by this court, Defendants Lighting Library, Mizrahi, Lighting

Design, Classic Lighting Mai, Elegant Lighting, Marshall and We Got Lites will continue to

cause serious irreparable injury and damage to Schonbek and to the goodwill associated with its

distinctive trade dress, including diversion of customers, lost sales and lost profits.

293.    Schonbek has no adequate remedy at law for Defendants Lighting Library,

Mizrahi, Lighting Design, Classic Lighting Mai, Elegant Lighting, Marshall and We Got Lites'

wrongful acts.

## TWENTY-SECOND CAUSE OF ACTION
## (VERTEX TRADE DRESS INFRINGEMENT AND DILUTION )

294.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1

through 293 above, and incorporates them herein by reference.

295.    When designing and manufacturing lighting fixtures, including those sold under

the commercial designation Vertex, Schonbek has adopted a particular dress, design and

combination of features to produce a particular visual appearance for the purpose of presenting its goods to the public.

296.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina have attempted to imitate Schonbek's particular dress, design and combination of features, as they pertain to the lighting fixtures sold under the commercial designation Vertex, in such a way as to mislead the public.

297.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina's unauthorized use of Schonbek's trade dress on light fixtures that they have produced, manufactured, sold and/or offered for sale is likely to cause confusion, mistake and deception and likely to cause the public to believe that their lighting fixtures are the same as Schonbek's Vertex lighting fixtures or that they are authorized, sponsored or approved by Schonbek or that they are affiliated, connected or associated with or in some way related to Schonbek.

298.    The multiplicity of similarities between Schonbek's Vertex lighting fixtures and those produced, manufactured, sold and/or offered for sale by Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina evidence a conscious intent to imitate and copy Schonbek's distinctive trade dress as embodied in the Vertex lighting fixtures.

299.    The striking similarity between the overall appearance of Schonbek's Vertex lighting fixtures and those produced, manufactured, sold and/or offered for sale by Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina evidence a conscious intent to imitate and copy Schonbek's distinctive trade dress as embodied in the Vertex lighting fixtures.

300.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina's use of trade dress in commerce that is confusingly similar to Schonbek's famous images

is likely to dilute, blur, tarnish and/or whittle away the distinctiveness of Schonbek's trade dress as embodied in the Vertex lighting fixtures.

301.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina's acts as alleged constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trade dress dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

302.    Upon information and belief, Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina's infringement and dilution of Schonbek's distinctive Vertex trade dress is knowing and willful.

303.    Upon information and belief, Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina's actions are intended and/or operate to confuse the public, to trade upon the reputation of Schonbek and the famous images of Schonbek to attract customers for their own commercial gain.

304.    Unless enjoined by this court, Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina will continue to cause serious irreparable injury and damage to Schonbek and to the goodwill associated with its distinctive trade dress, including diversion of customers, lost sales and lost profits.

305.    Schonbek has no adequate remedy at law for Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting and Sabina's wrongful acts.

## TWENTY-THIRD CAUSE OF ACTION
### (TRILLIANE TRADE DRESS INFRINGEMENT )

306.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 305 above, and incorporates them herein by reference.

307.    When designing and manufacturing lighting fixtures, including those sold under the commercial designation Trilliane, Schonbek has adopted a particular dress, design and combination of features to produce a particular visual appearance for the purpose of presenting its goods to the public.

308.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting have attempted to imitate Schonbek's particular dress, design and combination of features, as they pertain to the lighting fixtures sold under the commercial designation Trilliane, in such a way as to mislead the public.

309.    Defendants unauthorized use of Schonbek's trade dress on light fixtures that have been produced, manufactured, sold and/or offered for sale by Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting is likely to cause confusion, mistake and deception and likely to cause the public to believe that their lighting fixtures are the same as Schonbek's Trilliane lighting fixtures or that they are authorized, sponsored or approved by Schonbek or that they are affiliated, connected or associated with or in some way related to Schonbek.

310.    The multiplicity of similarities between Schonbek's Trilliane lighting fixtures and those produced, manufactured, sold and/or offered for sale by Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting evidence a conscious intent to imitate and copy Schonbek's distinctive trade dress as embodied in the Trilliane lighting fixtures.

311.    The striking similarity between the overall appearance of Schonbek's Trilliane lighting fixtures and those produced, manufactured, sold and/or offered for sale by Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting evidence a conscious intent to imitate and copy Schonbek's distinctive trade dress as embodied in the Trilliane lighting fixtures.

312.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's use of trade dress in commerce that is confusingly similar to Schonbek's famous images is likely to dilute, blur, tarnish and/or whittle away the distinctiveness of Schonbek's trade dress as embodied in the Trilliane lighting fixtures.

313.    Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's acts as alleged constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trade dress dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

314.    Upon information and belief, Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's infringement and dilution of Schonbek's distinctive Trilliane trade dress is knowing and willful.

315.    Upon information and belief, Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's actions are intended and/or operate to confuse the public, to trade upon the reputation of Schonbek and the famous images of Schonbek to attract customers for their own commercial gain.

316.    Unless enjoined by this court, Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting will continue to cause serious irreparable injury and damage to Schonbek and to the goodwill associated with its distinctive trade dress, including diversion of customers, lost sales and lost profits.

317.    Schonbek has no adequate remedy at law for Defendants Lighting Library, Mizrahi, Lighting Design and Classic Lighting's wrongful acts.

## TWENTY-FOURTH CAUSE OF ACTION
### (RIVENDELL TRADE DRESS INFRINGEMENT AND DILUTION )

318.    Plaintiff Schonbek realleges each and every allegation set forth in paragraphs 1 through 317 above, and incorporates them herein by reference.

319.    When designing and manufacturing lighting fixtures, including those sold under the commercial designation Rivendell, Schonbek has adopted a particular dress, design and combination of features to produce a particular visual appearance for the purpose of presenting its goods to the public.

320.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal have attempted to imitate Schonbek's particular dress, design and combination of features, as they pertain to the lighting fixtures sold under the commercial designation Rivendell, in such a way as to mislead the public.

321.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal's unauthorized use of Schonbek's trade dress on light fixtures that they have produced, manufactured, sold and/or offered for sale is likely to cause confusion, mistake and deception and likely to cause the public to believe that their lighting fixtures are the same as Schonbek's Rivendell lighting fixtures or that they are authorized, sponsored or approved by Schonbek or that they are affiliated, connected or associated with or in some way related to Schonbek.

322.    The multiplicity of similarities between Schonbek's Rivendell lighting fixtures and those produced, manufactured, sold and/or offered for sale by Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal evidence a conscious intent to imitate and copy Schonbek's distinctive trade dress as embodied in the Rivendell lighting fixtures.

323.    The striking similarity between the overall appearance of Schonbek's Rivendell lighting fixtures and those produced, manufactured, sold and/or offered for sale by Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal evidence a conscious intent to imitate and copy Schonbek's distinctive trade dress as embodied in the Rivendell lighting fixtures.

324.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal's use of trade dress in commerce that is confusingly similar to Schonbek's famous images is likely to dilute, blur, tarnish and/or whittle away the distinctiveness of Schonbek's trade dress as embodied in the Rivendell lighting fixtures.

325.    Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal's acts as alleged constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trade dress dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

326.    Upon information and belief, Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal's infringement and dilution of Schonbek's distinctive Rivendell trade dress is knowing and willful.

327.    Upon information and belief, Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal's actions are intended and/or operate to confuse the public, to trade upon the reputation of Schonbek and the famous images of Schonbek to attract customers for their own commercial gain.

328.    Unless enjoined by this court, Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal will continue to cause

serious irreparable injury and damage to Schonbek and to the goodwill associated with its distinctive trade dress, including diversion of customers, lost sales and lost profits.

329.    Schonbek has no adequate remedy at law for Defendants Lighting Library, Mizrahi, Lighting Design, Classic Lighting, Ben-Meir, R.L.A. Lighting and World of Crystal's wrongful acts.

## DEMAND FOR JURY TRIAL

330.    Plaintiff Schonbek hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Schonbek prays for the entry of judgment from this Court ordering:

a.    A preliminary and permanent injunction against Defendants, parent companies, subsidiaries, related companies, and all persons acting in concert or participation with them, or persons acting or purporting to act on their behalf, including, but not limited to their officers, directors, partners, owners, agents, representatives, employees, attorneys, successors, and assigns, and any and all persons acting in concert or privity with them, from:

(i)    using any reproduction, counterfeit, copy, or colorable imitation of the SCHONBEK Mark or SCHONBEK Trade Dress in association with any goods or services;

(ii)    engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Schonbek's business reputation or weaken the distinctive quality of the SCHONBEK Mark or SCHONBEK Trade Dress;

(iii)    unfairly competing with Schonbek in any manner whatsoever;

(iv)    using a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods as being those of Schonbek or sponsored by or associated with Schonbek and from offering such goods in commerce;

(v)    further infringing the SCHONBEK Mark or SCHONBEK Trade Dress by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the SCHONBEK Mark or SCHONBEK Trade Dress;

(vi)    using any simulation, reproduction, counterfeit, copy or colorable imitation of the SCHONBEK Mark or SCHONBEK Trade Dress in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such a way as to relate or connect, or tend to relate or connect, such products in any way to Schonbek, or to any goods sold, manufactured, sponsored or approved by, or connected with Schonbek; and

(vii)    making any statement or representation, or using any false designation of origin or false description, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, sold or offered for sale by Defendants is in any way associated or connected with Schonbek.

b.      A preliminary and permanent injunction against Defendants, parent companies, subsidiaries, related companies, and all persons acting in concert or participation with them, or persons acting or purporting to act on their behalf, including, but not limited to their officers, directors, partners, owners, agents, representatives, employees, attorneys, successors, and assigns, and any and all persons acting in concert or privity with them, from infringing the SCHONBEK Patents as provided in 35 U.S.C. §283

c.      A preliminary and permanent injunction against Defendants, parent companies, subsidiaries, related companies, and all persons acting in concert or participation with them, or persons acting or purporting to act on their behalf, including, but not limited to their officers, directors, partners, owners, agents, representatives, employees, attorneys, successors, and assigns, and any and all persons acting in concert or privity with them, from; effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the any prohibitions or monetary judgment issued by the Court.

d.      Directing that Defendants deliver up for destruction to Schonbek all unauthorized products, catalogs and advertisements in their possession, custody or control bearing the SCHONBEK Mark or SCHONBEK Trade Dress or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, including any counterfeit or infringing lighting fixtures.

e.      An award to Schonbek its damages resulting from the counterfeiting and infringement of the SCHONBEK Mark, infringement of the SCHONBEK Trade Dress, false designation of origin and unfair competition and to account for all profits derived by

-57-

Defendants from the sale the infringing products bearing the SCHONBEK Mark or SCHONBEK Trade Dress.

f.    An award to Schonbek of treble, increased or punitive damages under the Lanham Act and as may be available under any other statute or common law.

g.    An award to Schonbek of statutory damages pursuant to 15 U.S.C. §1117(c) of up to $2,000,000 for each and every trademark that Defendants have willfully counterfeited and infringed.

h.    An award to Schonbek of damages, including an accounting of the same, resulting from the infringement of the SCHONBEK Patents by Defendants as provided in 35 U.S.C. §284;

i.    An award to Schonbek of any additional remedies from infringement of the '019, '390, '494, '495 and '686 Patents by Defendants as provided in 35 U.S.C. §289.

j.    An award to Schonbek of treble damages as provided in 35 U.S.C. §284;

k.    The recall and destruction of all materials within the control of Defendants, parent companies, subsidiaries, or related companies, and their agents or distributors which in any way infringe upon one or more of the SCHONBEK Patents and/or SCHONBEK Mark and/or SCHONBEK Trade Dress;

l.    An award to Schonbek for the costs of this action, together with reasonable attorneys' fees and prejudgment interest as provided in 15 U.S.C. §1117 and 35 U.S.C. §285 and as may be available under any other statute or common law; and

m.    Such other and further relief against Defendants in favor of Schonbek that this court deems just, equitable and proper.

Respectfully submitted,

HESLIN ROTHENBERG FARLEY & MESITI P.C.

Dated:   April 22, 2010

_____
Susan E. Farley, Esq. (SF-3055)
Brett M. Hutton, Esq. (BH-2071)
Shanna K. O'Brien, Esq.  (SO-5105)
HESLIN ROTHENBERG FARLEY & MESITI P.C.
5 Columbia Circle
Albany, New York 12203-5160
Telephone: (518) 452-5600
Facsimile:  (518) 452-5579
***Attorneys for Plaintiff, Schonbek Worldwide Lighting Inc.***